FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

97 SEP -3 AM 10: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA

BERNEE' LONG, )
    Plaintiff; )
  )
-vs.- ) No. CV-95-P-1266-S
  )
CHARLES ANDREWS, et al. )
    Defendants. )
  )

ENTERED

<u>CORRECTED OPINION</u>    SEP 0 3 1997

    Four Motions for summary judgment filed by defendants William M. Bailey, Benton Carter, Allen Morrison and Steve A. Stephens were considered at a prior motion docket. For the following reasons, the motions of William M. Bailey and Benton Carter are due to be GRANTED and the motions of Allen Morrison and Steve A. Stephens are due to be GRANTED IN PART and DENIED IN PART.

Facts[1/]

    On May 26, 1994 at approximately 6:00 AM, the Plaintiff, Bernee' Long, was awakened by the sound of Alabama State Troopers executing a search warrant at her next door neighbor's home. The plaintiff's next door neighbor was a suspect in several drug related murders and was believed to be armed and dangerous. The officer's did not find the suspect upon execution of the search warrant. After securing the suspect's house, the officers noticed some movement within Ms. Long's house. The officers had been informed before the raid that Ms. Long's home was

---

    1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

vacant. On the assumption that their suspect may have fled to that house, approximately six Troopers went to investigate. The officers knocked on the Plaintiff's front door and requested entry for the purpose of searching for the suspect. The Plaintiff opened the door and the officers entered and searched her home. Defendant Allen Morrison has testified that the officers identified themselves, explained the situation, requested permission to search the Plaintiff's house and were given permission by the Plaintiff to search the house for the suspect.

The Plaintiff does not remember whether or not the officers asked for permission to enter and does not remember having given them permission to enter and search. The Plaintiff has testified that she did not tell the officers that they could not enter and search her home.

The Plaintiff has also alleged in her complaint and deposition that some unidentified officers who executed the search, searched her closets, her drawers and generally rummaged through her personal items.

The Plaintiff brought this action against the State of Alabama, the Alabama Department of Public Safety, and nine Alabama State Troopers in their official and individual capacities asserting both state and federal causes of action relating to the allegedly illegal search.

## Analysis

The Plaintiff seeks relief to redress violations of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the laws of the State of Alabama that protect her right to be secure in her person, house, papers and effects against unreasonable searches and seizures, as well as her rights to liberty, property, due process and equal protection. The legitimacy of these claims all depend on the extent to which the search of the Plaintiff's home was

2

unreasonable.

There is no genuine issue of material fact regarding the reasonableness of the conduct of Troopers Bailey and Carter. The motions of Bailey and Carter are due to be granted because it is undisputed that these officers did not enter the Plaintiff's house or participate in the allegedly unreasonable search. In his deposition, William Bailey states that he was next door at the suspect's home at the time that the Plaintiff's house was searched. This fact is not disputed by any evidence submitted by the Plaintiff. In his deposition and sworn affidavit, Benton Carter states that he did not enter the Plaintiff's house at any time during the search. This fact is not disputed by any evidence submitted by the Plaintiff.

There is no genuine issue of material fact regarding the reasonableness of the conduct of Troopers Morrison and Stephens as it relates to the entry of the Plaintiff's house and the initiation of the search. The motions of Morrison and Stephens are due to be granted in part, to the extent that the Plaintiff's claim is based on the unreasonableness of the initiation of the search because there is no genuine issue of fact as to whether or not the Plaintiff consented to the entry and search of her home. As a matter of law, the search at issue was not unreasonable in its initiation. In his deposition, Trooper Morrison testified that the Plaintiff gave the Troopers her express consent to enter her home on the morning of May 26, 1994 for the purpose of searching for the suspect. The Plaintiff's deposition fails to establish a lack of consent and thus fails to create a factual dispute on this issue.

There is also no genuine issue of material fact regarding the existence of 11th Amendment immunity for the actions of Morrison and Stephens in their official capacity. Their motions are due to be granted to the extent that they seek judgment in their favor regarding liability for damages against them in their official capacity. Trooper Morrison and Trooper Stephens are clearly state officials, and as such, the suit against them in their official capacity is a suit against the State of Alabama which is barred by the Eleventh Amendment. U.S. CONST. amend. XI; *Welch v. Laney*, 57 F.3d 1004 (11th Cir. 1995); *Carr v. City of Florence*, 916 F.2d 1521 (11th Cir. 1990); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989); *Parker v. Amerson*, 519 So.2d 442 (Ala. 1987).

There remains a dispute of material fact regarding whether or not the search exceeded the scope of a reasonably initiated search, therefore summary judgment cannot be granted in favor of Morrison and Stephens as to that aspect of the Plaintiff's claim. Likewise, these two Defendants cannot be granted summary judgment on the claims against them in their individual capacity because the facts necessary to establish both qualified and statutory discretionary immunity are in dispute. Based on the evidence submitted, and resolving all factual disputes in favor of the Plaintiff, it is not possible to conclude that the Troopers did not violate a clearly established right of the plaintiff -- as required to establish qualified immunity, or that the officers were performing a legitimate discretionary function within the line and scope of their law enforcement duties -- as required to establish discretionary immunity from state law claims under Ala. Code § 6-5-338. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Barts v. Joyner*, 865 F.2d 1187 (11th Cir. 1989); Ala. Code § 6-5-338(a)(1975). Therefore, Defendant Morrison

4

and Stephens' motions are due to be denied to the extent that they seek judgment in their favor as to liability in their individual capacities based on qualified and discretionary immunity.

## CONCLUSION

The motions for summary judgment of Troopers Bailey and Carter are due to be granted because it is undisputed that they did not enter the Plaintiffs house or participate in the allegedly unreasonable search. The motions for summary judgment by Troopers Morrison and Stephens are due to be granted in part, because it is undisputed that the allegedly unreasonable search was consented to and thus reasonable in its initiation, and because 11th Amendment immunity protects them from liability in their official capacities. Morrison and Stephens's motions are due to be denied to the extent that the Plaintiff makes a claim for a search that is unreasonable in scope because of the existence of material disputed facts regarding the scope of the search. Their motions are denied as to claims of qualified and discretionary statutory immunity because of the existence of disputed material facts.

Dated: ~~August~~ Sept. 2 , 1997

_____
Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. George C. Longshore
    Mr. W. L. Longshore
    Mr. Edward J. Kennedy, III